UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-3371-DMG (MAAx)** | Date | May 23, 2022 |
| Title | ***Deondre Raglin v. Jacqueline Sue Kordones*** | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS— ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. sections 12010-12213, and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code sections 51-53. It appears that the Court has supplemental jurisdiction over the Unruh Act claim and the Disabled Persons Act, Unfair Competition Act, and negligence claims. *See* 28 U.S.C. section 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

In 2012, California adopted a heightened pleading standard for lawsuits brought under the Unruh Act to combat the influx of baseless claims and vexatious litigation in the disability access litigation sphere. Cal. Civ. Code § 55.52(a)(1). The stricter pleading standard requires a plaintiff bringing construction-access claims to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California also imposed a "high-frequency litigant fee" in 2015 in response to the "special and unique circumstances" presented by certain plaintiffs and law firms filing an outsized number of Unruh Act lawsuits. Cal. Gov't Code § 70616.5.

In recognition of California's efforts to reduce the abuse of California's disability access laws, some district courts within the state have determined that the interests of fairness and comity,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3371-DMG (MAAx) | Date | May 23, 2022 |
|---|---|---|---|

| Title | *Deondre Raglin v. Jacqueline Sue Kordones* | Page | 2 of 2 |
|---|---|---|---|

counsel against exercising supplemental jurisdiction over construction-access claims brought under the Unruh Act. *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("[T]he Court finds it would be improper to allow Plaintiff [a high frequency litigant] to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim."); *see also Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021) ("The district court's principal justification for declining supplemental jurisdiction was that the distinctive configuration of California-law rules . . . would be rendered ineffectual if the district court were to exercise supplemental jurisdiction. We hold that the district court did not abuse its discretion in concluding that, for this reason, this case presents 'exceptional circumstances' within the meaning of § 1367(c)(4).").

In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and the Disabled Persons Act, Unfair Competition Act, and negligence claims. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff and his counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

**Plaintiff shall file a Response to this Order to Show Cause by June 2, 2022.** Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and the Disabled Persons Act, Unfair Competition Act, and negligence claims and the dismissal of any such claims pursuant to 28 U.S.C. section 1367(c).

**IT IS SO ORDERED.**